**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| In Re GILBERTO GONZALEZ DIAZ, | Case No. 2:26-cv-00783-RFB-EJY |
| Petitioner. | **ORDER APPOINTING COUNSEL** |

Before the Court is *pro se* Petitioner Gilberto Gonzalez Diaz's initiating documents for a petition for a writ of habeas corpus. Petitioner, however, has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP").

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs; (b) a financial certificate signed by the prisoner and an authorized prison official; and (c) a copy of the prisoner's account statement for the six-month period prior to filing. See 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

**IT THEREFORE ORDERED** that the Clerk of Court is instructed to send Petitioner a blank IFP application for incarcerated litigants along with instructions, and a copy of this order.

**IT IS FURTHER ORDERED** that prior to, or concurrent with, the filing of an amended petition, Petitioner must file an IFP application that includes a: (a) financial certificate signed by Petitioner and an authorized prison official; (b) financial declaration and acknowledgement signed

by Petitioner; and (c) copy of Petitioner's inmate account statement for the six-month period prior to filing. Alternatively, Petitioner must pay the $5 filing fee prior to, or concurrent with, the filing of an amended petition. If Petitioner decides to pay the filing fee from his inmate account, he must arrange to have a copy of this Order attached to the check for the filing fee.

Additionally, the Court finds that the appointment of counsel is in the interest of justice, as this case necessarily implicates a complex[1] web of detention authority developed specifically for noncitizens. See Torres v. Barr, 976 F.3d 918, 924 (9th Cir. 2020) (describing the Immigration and Nationality Act as: a "morass;" a "Gordian knot;" and "King Minos's labyrinth in ancient Crete.") (citations omitted). Accordingly, the Federal Public Defender for the District of Nevada ("FPD") is **HEREBY APPOINTED** to represent Petitioner Gilberto Gonzalez Diaz and is directed to file a notice of appearance by **March 20, 2026**.

**IT IS FURTHER ORDERED** Petitioner, with the assistance of counsel, must file an amended petition for a writ of habeas corpus by **March 27, 2026**. Alternatively, the FPD may notify the Court that it is unable to represent Petitioner. If the FPD is unable to represent Petitioner based on a conflict of interest, or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless appointed counsel is allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of the Court will send a copy of this Order to the FPD and the CJA coordinator for this division.

In order to preserve this Court's jurisdiction over the pending § 2241 Petition, **IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner to a detention center outside of this judicial district, pending further order of the Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (*per curiam*)). Indeed, the Court may appoint counsel at any stage of the proceedings if the interests of justice so require. See 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases; Chaney, 801 F.2d at 1196.

jurisdictions"); <u>F.T.C. v. Dean Foods Co.</u>, 384 U.S. 597, 601 (1966) (emphasizing that federal courts have the power "to preserve the court's jurisdiction or maintain the *status quo* by injunction pending review of an agency's action"); <u>see also</u> <u>Al Otro Lado v. Wolf</u>, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). The Court finds Petitioner's removal from the United States District of Nevada, or more broadly, the United States, could interfere with the Court's jurisdiction over his claims. The Court thus finds this Order is warranted to maintain the *status quo*.

**DATED:** March 17, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**